Ethel HOFFMAN,

v.

**OWENS–ILLINOIS GLASS CO.,**
**Textron, Inc.**

**Civ. A. No. 82–1695–S.**

United States District Court,
D. Massachusetts.

Nov. 1, 1985.

794

Deborah S. Griffin, Harvey Weiner, Peabody & Arnold, Boston, Mass., for Ethel Hoffman.

Anil Madan, Boston, Mass., for Textron, Inc.

Lawrence G. Cetrulo, Burns & Levinson, Boston, Mass., for Owens-Illinois Glass Co.

## ORDER ON MOTION OF DEFENDANT, TEXTRON, INC. TO COMPEL DISCOVERY DIRECTED TO DEPONENT, COMMERCIAL UNION INSURANCE COMPANY (# 44)

ROBERT B. COLLINGS, United States Magistrate.

Commercial Union Insurance Company, as workman's compensation carrier for the plaintiff's employer, has filed the instant action in the name of the plaintiff pursuant to M.G.L.A. Chapter 152 § 15

against the manufacturer of the machine upon which the plaintiff was allegedly injured while at her employer's place of business. Therefore, for the reasons I set forth in my opinion in *Greener v. American Laundry Machinery, Division Of McGraw Edison, Co.*, 36 F.R.Serv.2d 1194 (D.Mass., 1983), I find that Commercial Union Insurance Company in this case is the plaintiff's "representative" as that term is used in Rule 26(b)(3), F.R.Civ.P. and that the production of the materials sought by the Motion Of Defendant, Textron, Inc. To Compel Discovery Directed To Deponent, Commercial Union Insurance Company (# 44) is governed by that rule if the materials were prepared "in anticipation of litigation".

The materials sought are an expert report dated May 25, 1982 and two letters from Commercial Union, the first dated May 28, 1980 and the second dated July 23, 1981.

The plaintiff was injured at her place of employment on June 19, 1979 while allegedly operating a machine manufactured by Textron. The suit was filed on June 18, 1982. I have reviewed copies of the letters of May 28, 1980 and July 23, 1981 *in camera;* I find that each was prepared "in anticipation of litigation". I do not find that the defendant Textron has made any showing of substantial need for the letters. Accordingly, I shall not compel their production.

Counsel for the plaintiff represented at the hearing that the plaintiff will not call at trial the expert who was retained by Commercial Union to inspect the machine which the plaintiff was operating at the time she was injured and who prepared the May 25th report on the basis of his inspection. Thus, production of his report is governed by Rule 26(b)(4)(B), F.R.Civ.P., which provides that:

A party may discover facts known or opinions held by an expert who has been retained or specially employed by another party in anticipation of litigation or preparation for trial and who is not expected to be called as a witness at trial

only ... upon a showing of exceptional circumstances under which it is impracticable for the party seeking discovery to obtain facts or opinions on the same subject by other means.

I have reviewed *in camera* the report of the expert dated May 25, 1982. I find that this report was also prepared "in anticipation of litigation".

The issue then is whether the defendant Textron has made a showing of "... exceptional circumstances under which it is impracticable for the party seeking discovery to obtain facts or opinions on the same subject by other means." The defendant claims that "exceptional circumstances" exist because the machine on which the plaintiff was allegedly injured was moved to another facility of the employer in Georgia after the accident and then was sold in August, 1983. The expert who wrote the May 25th report inspected the machine in Georgia. Since the fact that the machine was going to be sold by plaintiff's employer was not made known to any party to this litigation, the defendant Textron argues that it is now impracticable to obtain facts and opinions regarding the machine because the whereabouts of the machine are unknown.

As noted, suit was filed on June 18, 1982. Textron entered its appearance through counsel on July 13, 1982. On November 23, 1982, the plaintiff answered interrogatories stating that her attorneys and other of her representatives had inspected the machine. Despite this, the defendant Textron made no effort to inspect the machine before it was sold in August, 1983. In fact, the defendant Textron initiated no discovery for a two-year period from the date it answered plaintiff's interrogatories on February 17, 1983 to the time it noticed plaintiff's deposition on June 6, 1984. In addition, I note that the pictures of the machine taken by the expert who wrote the May 25th report were disclosed to the defendant Textron on December 2, 1982. *See* Exhibits A through K to Plaintiff Ethel Hoffman's First Set Of Interrogatories To The Defendant Owens-Illinois Glass Company (# 23), a copies of which were served on the defendant Textron's counsel. Yet even this did not prompt the defendant Textron to seek an inspection before August, 1983.

█ In all the circumstances, I find that the defendant Textron has not shown that there are exceptional circumstances in which it is impracticable it to obtain facts or opinions on the same subject by other means. Any impracticality which the defendant Textron now faces is a result of its own counsel's tardiness in seeking to inspect the machine. Beyond that, there has been no showing that, through diligent efforts, the identity of the buyer or transferee of the machine cannot be learned and an inspection yet conducted. In short, the circumstances have not been shown to be "exceptional" and learning the present whereabouts of the machine and inspecting it have not been shown to be "impracticable." *Cf. MacDonald Sprague Roofing Co., Inc. v. USM Weather-Shield Systems Co.,* 35 F.R.Serv.2d 1121 (D.Mass., 1983).

For all of the above-stated reasons, it is ORDERED that Motion Of Defendant, Textron, Inc. To Compel Discovery Directed To Deponent, Commercial Union Insurance Company (# 44) be, and the same hereby is, DENIED.